IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONNATHAN XAVIER DUTON BUENO,

      Petitioner,

      v.                                      Case No. 1:26-cv-00197 KWR-KK

WARDEN, *Warden of Torrance County Detention Center,*
DAVID EASTERWOOD, Acting Director of Enforcement and Removal Operations,
PAMELA BONDI, *United States Attorney General*,
TODD LYONS, *Acting Director of Immigration and Customs Enforcement,*
*and* KRISTI NOEM*, Secretary of the U.S. Department*
*of Homeland Security*,

      Respondents.

## ORDER DISMISSING CASE

THIS MATTER comes before the Court upon Petitioner's Notice of Voluntary Dismissal (Doc. 16). Petitioner voluntarily dismisses this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Doc. 16 at 1.

Petitioner's notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) appears to be effective. The Federal Rules of Civil Procedure apply to habeas petitions (1) not covered by the Rules Governing Section 2254 cases or the Rules Governing Section 2255 cases *and* (2) has previously conformed to the practice in civil actions. Fed. R. Civ. P. 81(a)(4). Alternatively, the Court may apply the § 2254 habeas rules to this § 2241 petition. *See* § 2254 Habeas Rules, Rule 1(b) ("The district court **may apply any or all** of these rules to a habeas corpus petition not covered by Rule 1(a)") (emphasis added). Moreover, the Court may apply the Federal Rules of Civil Procedure, to the extent they are not inconsistent with the habeas rules. § 2254 Habeas Rules, Rule 12.

A plaintiff may dismiss a case without court order by filing a notice of dismissal before the opposing party serves either an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). "Under [Rule 41(a)(1)(A)(i)], a plaintiff has an absolute right to dismiss without prejudice and no action is required on the part of the court." *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003). Here, no answer has been filed, so it appears that Petitioner has a right to dismiss his case. Although an order of the Court is typically not required to close a case under Rule 41(a)(1)(A)(i), the Court enters an order here as it is unclear whether the Federal Rules of Civil Procedure automatically apply to this proceeding.

Having considered the record and the law, the Court dismisses this case without prejudice.

**IT IS SO ORDERED.**

    /S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

2